## James House *v.* Chas. Wilson.

**Pleading—Defect Cured by Answer and Reply.**

A defect in a petition may be remedied by answer and a reply in the nature of an amended petition, so as to enable the chancellor to render judgment thereon.

**Parties—Defect of Waiver.**

> Where a petition is defective for making an administrator a party defendant instead of a party plaintiff, such defect is waived by failing to assert such right and filing an answer.

**Mortgages—Setting Aside for Breach of Contract.**

> The violation of a contract which inflicts no injury upon the claimant does not authorize the setting aside of a mortgage regularly executed and delivered.

APPEAL FROM BATH CIRCUIT COURT.

February 14, 1874.

OPINION BY JUDGE LINDSAY:

The petition is inconsistent with the mortgage sought to be enforced, in stating that appellant became indebted to Wilson on the 22d of April, 1871, in the sum of $345.08, the mortgage itself showing that it was intended to secure a contemplated and contingent indebtedness. There was, however, no demurrer, and the answer and reply, which last named pleading was in effect an amended petition, together with the petition, sufficiently set out the matters involved in the litigation to enable the chancellor to proceed to judgment.

The petition was also faulty in making Hawkins' administrator a defendant instead of a plaintiff; but this defect was waived by answer in court, and failed to assert his right, if he had any. Appellant is fully protected against him by the judgment. The proof conduces to show that the mortgage and deed executed on the 22d of April, 1871, were both delivered to the deputy clerk without conditions. The notice given by House to the clerk to hold on to said instruments, was after the delivery, and not in the presence of either Hawkins or Wilson. The sale of the 112 acres of land was completed by the execution and delivery of the deed, and as the purchase price has been paid in full, appellant can have no relief as against that sale. It seems that the agreement relative to the mortgage was that House was to purchase the land at the commissioner's sale, and Hawkins and Price to become his sureties. In case they were compelled to pay off the entire purchase price, then the mortgage was to secure the repayment to them of the excess of said price, over the sum agreed to be paid for the 112 acres embraced by the deed that day executed. Whether Wilson and Hawkins violated so much of the agreement as allowed House to buy

from the commissioner, by refusing before the sale to become his sureties, or whether they were compelled themselves to make the purchase, without the intervention of House, by reason of the commissioner refusing to entertain his bids, does not very clearly appear, but we regard the settlement of this question as of no importance.

The object of the parties was accomplished. Hawkins and Wilson did undertake to, and did pay off in full the balance due on the two judgments, under which the land was sold. It cannot matter to House whether this was or was not done in the exact manner agreed on. A violation of a contract, inflicting no injury upon the party complaining, does not authorize the setting aside of a mortgage, regularly executed and delivered.

Judgment affirmed.

*Hurt, for appellant.*

*Nesbitt, Gudgell, for appellee.*